# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| CONNIE GUMBERT, | Case No. 1:10-cv-333 |
| --- | --- |
| Plaintiff | Dlott, J. |
| | Litkovitz, M.J. |
| vs | |
| COMMISSIONER OF | **REPORT AND** |
| SOCIAL SECURITY, | **RECOMMENDATION** |
| Defendant | |

Plaintiff, proceeding pro se, filed a "Disclosure of New Evidence" (Doc. 23) following entry of the district court's judgment in this Social Security appeal. The Court construed plaintiff's submission as a Motion for Relief from a Judgment or Order under Fed. R. Civ. P. 60(b) and gave the parties an opportunity to brief the motion. (Doc. 24). The Commissioner filed a response in opposition to plaintiff's Rule 60(b) motion. (Doc. 26). The motion is now ripe for a ruling by the Court.

## I. Background

The Administrative Law Judge (ALJ) issued a decision denying plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income on October 30, 2009. The ALJ determined that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and exogenous obesity. The ALJ further determined that although plaintiff had been diagnosed with a dysthymic disorder and alcohol abuse, these impairments were not severe within the meaning of the Social Security Regulations and Rulings. The ALJ found that plaintiff retains the residual functional capacity (RFC) to perform a limited range of light work and that she is capable of performing a significant number of jobs in the national economy. Accordingly,

the ALJ concluded that plaintiff is not disabled under the Social Security Act. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

On July 22, 2011, the undersigned issued a Report finding the ALJ's decision supported by substantial evidence and recommending the decision be affirmed. (Doc. 18). No objections to the Report and Recommendation were filed, and on August 18, 2011, the District Judge adopted the Report and Recommendation and affirmed the decision of the Commissioner denying benefits. (Doc. 20).

Plaintiff filed her Rule 60(b) motion on October 28, 2011. (Doc. 23). Plaintiff seeks a determination that she is unable to work and a hearing to address alleged discrepancies in the Court's interpretation of the evidence. In support of her request for relief, plaintiff has enclosed the following records produced in connection with examinations plaintiff was instructed to undergo by the Ohio Rehabilitation Services Commission: (1) a Functional Capacity Evaluation completed by physical therapist Karen Scholl on February 10, 2011; (2) evaluations and opinions rendered by Dr. Richard Watson, M.D., on March 10 and May 5, 2011; and (3) a report issued in April 2011 by psychologist Steven Sparks, Ph.D. (Doc. 23, Attachment).

In response, the Commissioner contends that plaintiff's motion must be denied under the plain language of subsection (b)(2) of Rule 60, the only potentially applicable subsection of the Rule, because plaintiff has failed to show she could not have discovered the additional evidence prior to issuance of the district court's judgment. Defendant contends that the inference to be drawn from the additional evidence itself is that it existed months before the Report and

Recommendation was issued and well before the district court entered its judgment in August 2011.

The Commissioner further contends that even assuming plaintiff satisfied the requirements of a Rule 60(b)(2) motion, she nonetheless is not entitled to relief from the judgment. The Commissioner asserts that this matter cannot be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of the additional evidence submitted by plaintiff because the evidence is not new; the evidence is not material; and plaintiff has not demonstrated good cause for failing to incorporate the evidence into the record before the Commissioner issued his final decision.

**II. Plaintiff's motion for relief from the judgment should be denied.**

Fed. R. Civ. P. 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
. . . .

(6) any other reason that justifies relief.

Because plaintiff's request for relief is based on newly-submitted evidence, her motion is appropriately analyzed under subsection (b)(2).

Where a plaintiff presents additional evidence as part of a Social Security appeal, sentence six of 42 U.S.C. § 405(g) governs whether the Court is authorized to remand the matter for consideration of the evidence. Sentence six of § 405(g) provides that the Court "may at any

time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." Thus, § 405(g) imposes three requirements for a sentence six remand: (1) the evidence must be new, (2) the evidence must be material, and (3) the plaintiff must show good cause exists for her failure to include the evidence in the prior proceeding. *Delgado v. Commissioner of Social Sec.*, 30 F. App'x 542, 549 (6th Cir. 2002) (citing 42 U.S.C. § 405(g), sentence six; *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993)). The plaintiff bears the burden of showing that a remand for consideration of additional evidence under sentence six is appropriate. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986)). *See also Longworth v. Commissioner of Social Security Admin.*, 402 F.3d 591, 598 (6th Cir. 2005) (citing *Sizemore v. Sec'y of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988)).

Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is not considered new for purposes of a sentence six remand if it is cumulative of evidence already in the record. *Elliott v. Apfel*, 28 F. App'x 420, 423 (6th Cir. 2002) (citation omitted). In order to show the evidence is material, the plaintiff must demonstrate "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (citations omitted). *See also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). Medical evidence showing that the claimant's condition has been aggravated or has deteriorated

4

subsequent to the administrative hearing is not material, and courts have declined to remand disability claims for reevaluation in light of such evidence.[1] *Sizemore*, 865 F.2d at 712 (citations omitted). *See also Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992). Finally, to satisfy the good cause requirement, the plaintiff must give a valid reason for failing to obtain and present the evidence in the prior administrative hearing. *Foster*, 279 F.3d at 357 (citing *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th Cir. 1984)). The claimant cannot satisfy her burden simply by showing that the additional evidence was prepared after the Secretary's final decision and therefore could not have been presented at the hearing. *Oliver*, 804 F.2d at 966.

Here, plaintiff has failed to satisfy her burden of showing that the requirements for a sentence six remand are satisfied. First, although the additional records plaintiff has submitted were not in existence at the time of the administrative proceeding, the records are cumulative of evidence that is already in the record. Thus, the records are not new evidence for purposes of a sentence six remand under § 405(g). Second, the additional evidence is not material because there is not a "reasonable probability that the Secretary would have reached a different disposition of [plaintiff's] disability claim if presented with the new evidence." *See Sizemore*, 865 F.2d at 711. The medical records plaintiff has submitted include no new objective findings concerning plaintiff's back impairment, or any other physical impairment, so as to likely alter the ALJ's previous determination concerning plaintiff's RFC; Dr. Sparks did not make any findings indicating that plaintiff suffers from a severe mental impairment as opposed to only a "slight

---

[1]Instead, the appropriate remedy where the claimant's condition has seriously deteriorated is for the claimant to file a new claim for benefits as of the date the condition reached a point where it became a disabling impairment. *Sizemore*, 865 F.2d at 712 (citations omitted).

5

abnormality which has such a minimal effect on [plaintiff] that it would not be expected to interfere with" her ability to work (*see Farris v. Secretary*, 773 F.2d 85, 90 (6th Cir. 1985)); and the additional evidence does not pertain to the period under consideration by the Commissioner. Accordingly, because the additional evidence submitted by plaintiff is neither new nor material, a sentence six remand for consideration of the evidence by the Commissioner is not appropriate.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for relief from judgment (Doc. 23) be **DENIED**.

Date: 3/16/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONNIE GUMBERT,
Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
Defendant

Case No. 1:10-cv-333
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Connie Gumbert<br>3843 S.R. 756<br>Felicity, OH 45120 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4644 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |